IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NOAH JAVARIS ABRAHAM;<br>WILLIAM CHRISTOPHER OLSEN; and<br>JASEYONA SAGE THOMAS,<br><br>    Defendants. | Case No. 1:24-cr-137<br><br>**UNITED STATES' NOTICE OF EXPERT WITNESSES UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 16(a)(1)(G)** |

The United States of America, by Rick L. Volk, Assistant United States Attorney for the District of North Dakota, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, hereby provides notice of the anticipated testimony of the following expert witnesses:

1.     **Forensic Scientist** – Forensic Chemistry Unit
   North Dakota Office of Attorney General
   Crime Laboratory Division
   Bismarck, ND 58501
   Statement of Qualifications – to be provided upon assignment.

   The drug items seized from the Defendant Noah Abraham during the course of the law enforcement contact in May 2024, have been submitted to the North Dakota Crime Laboratory for analysis, have been assigned case number CLD24-2022. A Forensic Scientist will be assigned to analyze the items. The name and qualifications of the Forensic Scientist will be provided in discovery.

   The assigned Forensic Scientist will analyze the drug items to determine whether they are, or contain, a controlled substance. The Forensic Scientist will prepare a Discovery Packet (which will also be provided in discovery) that will contain the Forensic Scientist's work product, the chain of custody and movement of the items submitted while at the North Dakota Crime Laboratory, the specific tests and instruments utilized in the analysis of the

items, a recitation of the periodic testing of these instruments, identification of the controls used during the analysis, the outcome of the analysis both through mathematical formulas and visual depictions, and a Laboratory Report signed by the Forensic Scientist identifying the final opinion of the Forensic Scientist as to what, if any, controlled substances are or are contained within or on the items submitted, including net weights of those substances.

The Forensic Scientist will testify as to the basis of his or her opinions. The testing processes and techniques will include a comparison of the markings on the tablets/pills submitted with Pharmaceutical Identifiers, conducting a presumptive Color Test, and conducting confirmatory analyses of a sample of the tablets/pills using Gas Chromatography / Mass Spectroscopy (GC/MS), the details of which will be identified and described throughout the Discovery Packet. The Forensic Scientist is expected to testify the equipment utilized during the analysis was in good working condition at the time of testing based upon the controls run during the testing process. If any errors occur in the testing process, they will be noted and identified.

The Forensic Scientist will also weigh the items submitted using a scale and will identify the net weight of each item submitted. This will be recorded on the Drug Laboratory Report. The Forensic Scientist is expected to testify the reported net weight reflects only the weight of the respective substance and does not include the weight of any packaging or other material.

The Forensic Scientist will describe the standard operating procedures of the North Dakota Crime Lab in receiving, storing, and analyzing the various items to prevent contamination during the testing process, and will discuss the means, methods (tests/techniques), and instruments used in the analysis of the items as generally accepted methods in the scientific community for determining whether an item is or contains a controlled substance.

A testimony record for the Forensic Scientist will be provided identifying any courts and cases in which the Forensic Scientist has testified in the past four years.

The Forensic Scientist will provide a list of publications, if any, authored within the past 10 years.

The Forensic Scientist will personally sign the Drug Laboratory Report, and will include a signature among and within the documents in the

Discovery Packet identifying the Forensic Scientist's agreement with the various opinions identified herein.

2. **Jerry Stein**  - Task Force Officer
Metro Area Narcotics Task Force; Bismarck Police Department
Bismarck, North Dakota

TFO Stein is employed with the Bismarck Police Department, and is currently assigned to the Metro Area Narcotics Task Force as a Task Force Officer (TFO).  In that role, TFO Stein primarily conducts narcotics trafficking investigations.  TFO Stein submitted an affidavit to the Burleigh County District Court identifying his education, training, experience in identifying controlled substances and drug paraphernalia, and in engaging in drug trafficking investigations. This affidavit has been provided in discovery at Bates #'s 90 – 91.

Through his investigations, his training and experience, and discussions with other law enforcement personnel, TFO Stein is familiar with the tactics and methods employed by the controlled substance traffickers to smuggle and safeguard controlled substances, to distribute controlled substances, and to collect and launder the proceeds from the sale of controlled substances.  TFO Stein has interviewed numerous subjects / targets of drug trafficking investigations, both during the investigative stage of matters and proffer interviews post-charge.  TFO Stein has worked with confidential informants in negotiating purchases of controlled substances (including opiate pills / tablets containing fentanyl, oxycodone, and other substances). Through his discussions with drug traffickers and users, TFO Stein is familiar with source locations for various controlled substances, the street value of various controlled substances in the local drug market as well as the street value in other geographic locations in the United States, and the amounts and means of ingestion of various controlled substance by typical users of those substances.  TFO Stein is also familiar with various items of drug paraphernalia that are used to weigh, package, distribute and ingest controlled substances, and will be asked to describe various items of paraphernalia used for these purposes and whether any such items were seized in this case.

Through his training and experience, TFO Stein is familiar with illicit opiate pills that are abused and trafficked throughout the United States and, in particular, within North Dakota. TFO Stein will identify that a clandestinely-made, or "pressed," fentanyl pill is commonly known as a "blue," "bean," or "berry," and is designed to mimic a pharmaceutical

3

30mg oxycodone hydrochloride tablet or pill. These pills are usually blue in color, and often carry the M/30 marking of a pharmaceutically-produced 30mg oxycodone hydrochloride tablet. Historically, a 30mg oxycodone hydrochloride pill was a preferred opiate pill used by narcotic analgesic addicts. Over the past several years, the pharmaceutical pills have been almost completely replaced by the pressed fentanyl pills. The pressed fentanyl pills are clandestinely-made, usually in Mexico, for a very low cost before being smuggled into the United States.

TFO Stein knows through his training and experience that a pressed fentanyl pill weighs approximately 0.10 gram, or 280 pills in a single ounce. Four-hundred (400) pills would weigh approximately 40 grams. Four-thousand (4,000) pills would weigh approximately 400 grams.

TFO Stein will opine, based on his training, education, and experience, regarding quantities and characteristics of opiate pills that are typically ingested by end users or consumers of those drugs, and the prices of opiate pills in the local (Bismarck-Mandan) illicit drug market and in source locations, such as Michigan, Arizona and California.

TFO Stein will provide a description, based upon his experience and training, of how illicit opiate pills are generally ingested, and the paraphernalia used in doing so. Most often, locally, those pills are ingested by smoking them on tin foil by using a heat source to warm the pill on the foil, with the user inhaling the fumes from the pill via a straw or other tube-type device. The pill moves, or slides, along the foil during this process, causing a black-in-color burn trail on the foil as it does so. Typically users of opiate pills consume one pill at one time, although users will often times ingest multiple pills per day.

TFO Stein will testify about the street market prices of opiate pills containing fentanyl in the local drug trafficking market. TFO Stein will explain the value of a pressed fentanyl pill is highly dependent on the location and quantity purchased. The average price in the Bismarck-Mandan area for person purchasing a single pill is approximately $20 - $40 per pill. When someone purchases in bulk, pills can cost approximately $10 to $15 each. Thus, the estimated street value of the total quantity of fentanyl pills seized from Defendant Abraham in this case (approximately 2,000 pills / tablets), using an average price of $30 per pill, would have been approximately $60,000. TFO Stein will testify typical end users of opiate pills and tablets containing fentanyl do not possess thousands of opiate pills and tablets, such as were found in this case, as it is generally

cost-prohibitive to acquire such quantities for end users who are not involved in distribution.

TFO Stein will explain distributors of pressed fentanyl pills often utilize sub-distributors to assist them in distributing these pills to end-users. Distributors coming from outside North Dakota, or acquiring pressed fentanyl pills from outside North Dakota, may acquire pressed fentanyl pills for $5, or less, per pill, depending on where those pills are acquired. The distributor will ask the sub-distributor to return a certain amount of money per pill when the pills are sold. The sub-distributors will often assess a mark-up, or tax, on the pills when selling the pill(s) so they may make a profit. For example, the sub-distributor may owe the supplier $20 per pill, but will sell the pill to others at $25 per pill. A distributor may provide the pressed fentanyl pills to the sub-distributor without payment up front, thereby requiring the sub-distributor to pay the distributor a set sum of money once the substances are sold to others. This is often referred to as "fronting" the drug.

TFO Stein has testified in United States District Court for the District of North Dakota as an expert based upon his education, training and experience, within the past four years, in the following matters: (i) United States v. Michael Watley, Case No. 1:20-cr-069, March 23 - 25, 2021.

TFO Stein has not authored any relevant publications over the past 10 years.

Attached as Government Exhibit 1 is an Expert Witness Disclosure Acknowledgment form executed by TFO Stein.

3. **Jeremy Schmidt** – ATF Special Agent (Interstate Nexus Examiner) Bismarck, ND, Satellite Office.

Statement of Qualifications – see below.

Special Agent (SA) Schmidt is employed by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and has been so employed since May 25, 2014, and is authorized to carry firearms, execute warrants, conduct investigations and make arrests for offenses against the laws of the United States of America. Since 2014, SA Schmidt has been assigned to the ATF Fargo, North Dakota Field Office – Bismarck Satellite Office.

SA Schmidt has received instruction, both general and specific, in the recognition and identification of firearms and ammunition from attending and successfully completing the following courses: (a) The Federal Law Enforcement Training Center (FLETC) Criminal Investigator Training Program in Glynco, GA – (2014); (b) ATF's Special Agent Basic Training at FLETC in Glynco, GA – (2014); (c) ATF's Firearms Instructor Training Program at FLETC in Artesia, NM – (2015); (d) ATF's Firearms Trafficking Course, St. Paul, Minnesota – (2017); (e) Firearms Interstate Nexus Training, FINT-1901-Huntsville, Alabama – (2018); (f) Advanced Ammunition Nexus Training, AANT-1902 – Anoka, Minnesota – (2019); (g) Basic Explosives Training Course (BETC # 74270) – Huntsville, Alabama – (2019); (h) Post-Blast Investigave Techniques (PBIT) – Huntsville, Alabama – (2019); (i) Advanced Explosives Disposal Techniques (AEDT) – Huntsville, Alabama – (2020); (j) Homemade Explosives (HME) Course – Huntsville, Alabama – (2020); (k) Graduate Certificate in Explosives Technology from Missouri University of Science and Technology – (2021); (l) Advanced Ordnance Recognition for Law Enforcement (AORLE) Course – Texas A&M Engineering Extension Service – (2021); and (m) Hazardous Materials Technician (HMT) Course, Anniston, Alabama – (2021).

SA Schmidt attended and successfully completed the ATF Firearms Interstate Nexus Course in Huntsville, Alabama, where he received specific instruction, in the recognition and identification of firearms, ammunition and their place of manufacture. SA Schmidt has received research material concerning firearms and ammunition and their place of manufacture, and also received authorization to access firearm records concerning manufacturers around the world from the ATF'S Firearms Technical Branch in Washington, DC. SA Schmidt has access to the federal licensing database, which contains information concerning United States Manufacturers, Importers and Dealers of firearms, including those that are licensed to do business in the State of North Dakota. SA Schmidt has access to the firearm records that are maintained and required under federal law by those who are licensed as a Federal Firearms Dealer. SA Schmidt has visited and received training at the following firearm manufacturing facilities: (a) Remington – Huntsville, Alabama (2018); (b) Federal Ammunition Factory – Anoka, Minnesota (2019).

SA Schmidt's expert opinions are reflected in his Interstate Nexus Report, provided in discovery at Bates # 3981-82. SA Schmidt will testify that he examined the firearm identified in that report at the ATF Satellite Office in Bismarck, ND, on August 1, 2024. Based upon his examination of the

6

items and the markings noted on the firearm, his review of any applicable ATF trace reports, his research of ATF's federal licensing database, his review of his own accumulated research material concerning firearms and their place of manufacture, his education, and his training, he will opine that the firearm was manufactured by the respective company and at the location noted in his report (and not in North Dakota), that this company is not licensed to manufacture firearms or ammunition in North Dakota, and that the firearm traveled in, and affected, interstate and foreign commerce at some time prior to its discovery in North Dakota.

SA Schmidt will also opine, based upon his examination and/or test-firing of the firearm, that the firearm is designed to be capable of expelling a projectile by the action of an explosive is therefore a "firearm" as defined by Federal law. SA Schmidt will further opine that the firearm and is not an "antique firearm" as it was manufactured after 1898.

SA Schmidt will also opine that the approximate 20 rounds of 5.7 mm x 28 mm ammunition seized from Defendant Abraham were manufactured by the same company which manufactured the seized and identified firearm, and were not manufactured within North Dakota. Therefore, the identified ammunition also traveled in, and affected, interstate and foreign commerce to have been located within North Dakota.

SA Schmidt has not testified as an interstate nexus expert within the past four years, and has not authored any relevant publications within the past 10 years. This will be updated as necessary prior to trial.

Attached as Government Exhibit 2 is an Expert Witness Disclosure Acknowledgment form executed by SA Schmidt.

This Notice may be supplemented as necessary prior to trial.

    Dated: November 5, 2024

                MAC SCHNEIDER
                UNITED STATES ATTORNEY

      By:    /s/ *Rick L. Volk*
                RICK L. VOLK
                Assistant United States Attorney
                P.O. Box 699
                Bismarck, ND  58502-0699
                (701) 530-2420
                ND Bar Board ID No. 04913
                Rick.Volk@usdoj.gov
                Attorney for United States